JESSICA M. LUJAN, ESQ.
Nevada Bar No. 14913
E-mail: jlujan@spencerfane.com
**SPENCER FANE LLP**
300 South Fourth Street, Suite 1600
Las Vegas, Nevada 89101
Telephone:    702/408-3400
Facsimile:    702/408-3401

Brian N. Platt (*pro hac vice*)
bplatt@wnlaw.com
Collin D. Hansen (*pro hac vice*)
chansen@wnlaw.com
**WORKMAN NYDEGGER**
60 East South Temple Suite 1000
Salt Lake City, UT 84111
Telephone: (801) 533-9800
Facsimile: (801) 328-1707

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| AXCESS GLOBAL SCIENCES, LLC,<br><br>Plaintiff,<br>v.<br><br>HARD EIGHT NUTRITION, LLC,<br><br>Defendant. | Case No. 2:25-cv-00942-RFB-MDC<br><br>**JOINT RULE 26(f) REPORT AND PROPOSED DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>SPECIAL SCHEDULING REVIEW REQUESTED FOR A PATENT CASE |

**A.    26(f) Conference and Proposed Schedule**

Pursuant to Fed. R. Civ. P. 26(f), Local Rule 26-1, and Patent Local Rules 1-1 et seq., the respective parties conducted a discovery-planning conference on **May 13, 2026,** and hereby submit to the court the following proposed Discovery Plan and Scheduling Order:

| Event | Deadline |
|---|---|
| Exchange of Rule 26(a) Initial Disclosures | May 27, 2026 [14 days after discovery planning conference] |
| Joint Protective Order | May 27, 2026 [14 days after discovery planning conference] |
| Disclosure of LPR 1-6 Infringement | May 27, 2026 [14 days after discovery |

Spencer Fane LLP
300 South Fourth Street, Suite 1600
Las Vegas, NV 89101-6019
Phone: 702.408.3400 Fax: 702.408.3401

Spencer Fane LLP
300 South Fourth Street, Suite 1600
Las Vegas, NV 89101-6019
Phone: 702.408.3400 Fax: 702.408.3401

| Event | Deadline |
|---|---|
| Contentions and LPR 1-7 Document Production Accompanying Infringement Contentions | planning conference] |
| Disclosure of LPR 1-8 Non-Infringement, Invalidity, and Unenforceability Contentions and LPR 1-9 Document Production Accompanying Non-Infringement, Invalidity, and Unenforceability Contentions | July 13, 2026 [45 days later] |
| Disclosure of LPR 1-10 Response to Non-Infringement, Invalidity, and Unenforceability Contentions | July 27, 2026 [14 days later] |
| Certification of Disclosures (LPR 1-5(b)) | August 3, 2026 [7 days after LPR 1-10 deadline] |
| Exchange of LPR 1-13 Proposed Terms for Construction | August 25, 2026 [90 days after discovery planning conference] |
| Exchange of LPR 1-14 Preliminary Claim Construction and Extrinsic Evidence | September 8, 2026 [14 days later] |
| Parties to Submit LPR 1-15 Joint Claim Construction and Prehearing Statement | September 22, 2026 [14 days later] |
| Plaintiff to File LPR 1-16 Opening Claim Construction Brief | October 13, 2026 [21 days later] |
| Defendant to File LPR 1-16 Responsive Claim Construction Brief | November 3, 2026 [21 days later] |
| Plaintiff to File LPR 1-16 Reply Claim Construction Brief | November 10, 2026 [7 days later] |
| Deadline to File Motion to Amend Pleadings/Parties | November 20, 2026 |
| Claim Construction Tutorials, Hearing, and Order from the Court | TBD by the Court |
| Disclosure of Amended Contentions under LPR 1-18a and Opinion of Counsel Defense under LPR 1-18b | 30 days after entry of Claim Construction Order |
| Fact Discovery Cut-off | 45 days after entry of Claim Construction |

| Event | Deadline |
|---|---|
| | Order |
| Expert Designations | 60 days after Claim Construction Order |
| Opening expert reports on issues for which the serving party has the burden of proof | 30 days after close of fact discovery |
| Rebuttal expert reports on issues for which the other party has the burden of proof | 30 days after service of opening expert reports |
| Reply expert reports limited to responses on expert opinions on secondary considerations | 15 days after service of rebuttal expert reports |
| Expert Discovery Cut-off | 45 days after service of rebuttal expert reports |
| Dispositive Motion Deadline | 30 days after the close of expert discovery |

Additionally, the parties propose the following dates for the settlement conferences called for by the Local Rules:

| Event | Deadline |
|---|---|
| Proposed Dates for Pre-Claim Construction Settlement Conference | The parties are available the following dates in July 2026: July 20, 2026; July 22, 2026. |
| Post-Claim Construction Settlement Conference | 30 days after entry of Claim Construction Order |
| Pretrial Settlement Conference | 30 days after filing pretrial order |

## B. Additional Provisions

### 1. Interim Status Report

The parties propose that the parties will file a joint Interim Status Report called for by Local Rule 26-3 within sixty (60) days after the fact discovery cut-off.

### 2. Motions in Limine

The parties propose that (1) any motions in limine must be filed 30 days prior to trial; and (2) any opposition to a motion in limine must be filed 14 days after the motion in limine is filed.

Spencer Fane LLP
300 South Fourth Street, Suite 1600
Las Vegas, NV 89101-6019
Phone: 702.408.3400 Fax: 702.408.3401

### 3. Privilege Logs

The parties propose that the parties will not be required to record attorney-client privileged or attorney work product doctrine protected documents on their withheld document logs for all documents and/or communications (as these terms are defined in the Federal Rules of Civil Procedure) generated by counsel or communicated with counsel on or after the filing date of this lawsuit, May 29, 2025.

### 4. Disclosure or Discovery of Electronically-Stored Information

The Parties propose that the parties will produce paper documents and electronically stored information ("ESI") as follows:

ESI and paper documents shall be produced in single page TIFF format with a minimum resolution of 300 dpi with corresponding load files where reasonably practicable. Each TIFF image shall be named after the document production number assigned to the image. Each page produced shall be labeled with a unique production number. ESI that is not conducive to imaging (e.g., spreadsheets, presentations, audio/video files, etc.) should be produced in native format with corresponding load files. The native files should have a single page TIFF image placeholder.

In addition, the confidentiality designation (if any) shall appear on each page of the TIFF image. The confidentiality designation (if any) shall appear in the lower left hand corner of each page of the TIFF image, and the production number shall appear in the lower right hand corner of each page of the TIFF image, in a manner that does not obscure any information present in the TIFF image.

The parties must produce all files/documents attached to each email/document they produce, unless any such attachments are protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege. To the extent feasible, document productions will be made electronically via secure file transfer methods, including encrypted file-sharing platforms, secure FTP, or other mutually agreed-upon cloud-based services. Physical media (such as external hard drives) will be used only if electronic transfer is impracticable due to volume or technical limitations. Any physical media will be labeled with the case caption, producing party, and corresponding document production ranges.

Spencer Fane LLP
300 South Fourth Street, Suite 1600
Las Vegas, NV 89101-6019
Phone: 702.408.3400 Fax: 702.408.3401

The parties will memorialize and agree to the specific protocols governing ESI production, including format, metadata fields, and methods of transfer, in a proposed stipulated order to be filed with the Court on or before May 27, 2026.

**E-Mail Service**

The parties propose that, to the extent possible, all court filings, to the extent not served through ECF (e.g., filings under seal), will be served via e-mail, and such service shall constitute proper service under Rule 5(b)(2)(E). The parties further propose that each party may serve discovery, in lieu of other service methods, by e-mail under Rule 5(b)(2)(E). If transmission of voluminous materials as an e-mail attachment is impractical, those materials shall be sent via an FTP service or by overnight delivery, using a service having the ability to "track" deliveries and verify receipt. Except for the due dates for events required by the Local Patent Rules as set forth herein, the additional time provided by Rule 6(d) will apply to e-mail service.

**5. Interrogatories**

The parties propose a maximum of twenty-five (25) interrogatories per side, including contention interrogatories.

**6. Depositions**

The parties propose that each side is limited to a total of ten (10) depositions, and each deposition is limited to a maximum of seven (7) hours unless extended by agreement of the parties. This limit encompasses all fact depositions, including 30(b)(6) depositions and depositions of non-parties. This limitation does not encompass expert depositions. The parties further propose that the party being deposed will identify all corporate representatives designated pursuant to Rule 30(b)(6) at least five (5) business days prior to the deposition provided that the Notice of deposition is served at least 30 days in advance of the deposition. The parties agree that each Rule 30(b)(6) notice shall count as a single deposition regardless of the number of corporate representatives designated to testify in response to the topics identified therein.

**7. Third-Party Subpoenas**

The parties propose that any party that serves a subpoena upon a third-party will simultaneously serve a copy of such subpoena upon the other party. Moreover, any party that

Spencer Fane LLP
300 South Fourth Street, Suite 1600
Las Vegas, NV 89101-6019
Phone: 702.408.3400 Fax: 702.408.3401

Spencer Fane LLP
300 South Fourth Street, Suite 1600
Las Vegas, NV 89101-6019
Phone: 702.408.3400 Fax: 702.408.3401

receives documents and/or correspondence from a third-party pursuant to a subpoena will timely provide those documents and/or correspondence to each other party.

### 8. Materials Relating to Expert Witnesses

The parties propose that draft expert reports and notes are not discoverable or admissible. This applies to all such items regardless of whether they are in paper or electronic form. This does not apply to any information an expert relies upon in forming his or her opinions.

### 9. Protective Order

The parties agree to submit a Joint Protective Order on or before May 27, 2026. To the extent that the parties disagree as to any provision of the Joint Protective Order, the parties shall submit their competing proposals and a summary of their dispute.

### 10. Special Master

Pursuant to LPR 1-4(d), the parties met and conferred regarding the appointment of a Special Master. The parties agree that a Special Master is not necessary at this time.

IT IS ORDERED that within 30 days after Initial Disclosures, Party Contentions, and Responsive Party Contentions are complete, the parties must submit to a Pre-Claim Construction Settlement Conference as set by the Court. The parties have proposed several dates for the conference herein.

IT IS FURTHER ORDERED that within 30 days after the Court enters a Claim Construction Order, the parties must submit to a Post-Claim Construction Settlement Conference as set by the Court.

IT IS FURTHER ORDERED that any extension of the discovery deadline will not be allowed without a showing of good cause for the extension. All motions or stipulations to extend discovery must be received by the court at least 21 days before the expiration of the subject deadline.

IT IS FURTHER ORDERED that, if no dispositive motions will be filed within the time specified in this order, then the parties must file a written, joint proposed pretrial order within 30 days of the dispositive motion cutoff. If dispositive motions are filed, then the parties must file a

- 6 -

written, joint proposed pretrial order within 30 days of the date the court enters a ruling on the dispositive motions.

   **IT IS SO ORDERED.** The parties Stipulated Discovery Plan and Scheduling Order is DENIED without prejudice.  A Pre-Claim construction settlement conference is not required under LRP 1-19 and LR 26-3 has been amended so that an interim status report is no longer required.  The Court may consider a separate stipulation requesting a Pre-Claim Construction Settlement Conference and includes showing good cause for such conference. **IT IS SO ORDERED** that the parties file by **June 1, 2026**, an amended stipulation consistent with this order.

_____
UNITED STATES MAGISTRATE JUDGE
DATED: 5-21-26

Respectfully submitted,
**WORKMAN NYDEGGER**

DATED this 20th day of May 2026.

*/s/ Brian N. Platt*
_____
BRIAN N. PLATT (*pro hac vice*)
COLLIN D. HANSEN (*pro hac vice*)
60 East South Temple Suite 1000
Salt Lake City, UT 84111

**SPENCER FANE LLP**
JESSICA M. LUJAN, ESQ. (NBN 14913)
300 South Fourth Street, Suite 1600
Las Vegas, Nevada 89101

*Attorneys for Plaintiff*

DATED this 20th day of May 2026.

Respectfully submitted,

**HUSCH BLACKWELL LLP**

/s/ *Matthew M. Kamps (with permission)*

JEFFER ALI, ESQ. (*Pro Hac Vice*)
Minnesota Bar No. 0247947
80 S. Eighth Street, Suite 4800
Minneapolis, MN 55402

MATTHEW M. KAMPS, ESQ. (*Pro Hac Vice*)
Illinois Bar No. 6313183
120 South Riverside Plaza, Suite 2200
Chicago, IL 60606

- 7 -

Spencer Fane LLP
300 South Fourth Street, Suite 1600
Las Vegas, NV 89101-6019
Phone: 702.408.3400 Fax: 702.408.3401

**SHEA LARSEN PC**

JAMES PATRICK SHEA, ESQ.
Nevada Bar No. 405
BART K. LARSEN, ESQ.
Nevada Bar No. 8538
KYLE M. WYANT, ESQ.
Nevada Bar No. 14652
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134

*Attorneys for Defendant*

Spencer Fane LLP
300 South Fourth Street, Suite 1600
Las Vegas, NV 89101-6019
Phone: 702.408.3400 Fax: 702.408.3401