JESSICA M. LUJAN, ESQ.
Nevada Bar No. 14913
E-mail: jlujan@spencerfane.com
**SPENCER FANE LLP**
300 South Fourth Street, Suite 1600
Las Vegas, Nevada 89101
Telephone:    702/408-3400
Facsimile:    702/408-3401

Brian N. Platt (*pro hac vice*)
bplatt@wnlaw.com
Collin D. Hansen (*pro hac vice*)
chansen@wnlaw.com
**WORKMAN NYDEGGER**
60 East South Temple Suite 1000
Salt Lake City, UT 84111
Telephone: (801) 533-9800
Facsimile: (801) 328-1707

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| AXCESS GLOBAL SCIENCES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>HARD EIGHT NUTRITION, LLC,<br><br>Defendant. | Case No.: 2:25-cv-00942<br><br>**AMENDED STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS, HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS** |

1. <u>PURPOSES AND LIMITATIONS</u>

WHEREAS disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted, including but not limited to documents, things, and information in the possession, custody, or control of parties and non-parties that constitute or contain trade secrets or other confidential research, development, or proprietary business information within the meaning of Fed. R. Civ. P. 26(c)(1)(G). Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer

Spencer Fane LLP
300 South Fourth Street, Suite 1600
Las Vegas, NV 89101-6019
Phone: 702.408.3400 Fax: 702.408.3401

blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 13.4, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; LR IA 10-5, Fed. R. Civ. P. 5.2, and *Kamakana v. City & Cnty. of Honolulu,* 447 F.3d 1172 (9th Cir. 2006) and its progeny set forth the procedural and substantive standards that must be followed when a party seeks permission from the court to file material under seal.

WHEREAS such confidential information must be protected to preserve the legitimate business interests of the parties or nonparties;

WHEREAS the parties, through counsel, have stipulated to the entry of this Protective Order for the purpose of advancing the progress of this Action and to prevent unnecessary dissemination or disclosure of their respective confidential information; and

WHEREAS the parties, through counsel, stipulate that good cause exists for the entry of this Protective Order pursuant to Fed. R. Civ. P. 26(c) to safeguard against improper disclosure or use of confidential information produced in the Actions;

It is hereby ORDERED that the following provisions shall govern the conduct of further proceedings in this Action:

2. <u>DEFINITIONS</u>

2.1. <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2. <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Fed. R. Civ. P. 26(c), including information that the Producing Party in good faith contends (a) is confidential, sensitive, competitive, or potentially invasive of an individual's privacy interests; (b) is not generally known in the context or form as known by the Producing Party; (c) is not normally revealed to the public or third parties, or if disclosed to third parties, is such that the Producing Party would require such third parties to maintain the information in confidence; and (d) qualifies

Spencer Fane LLP
300 South Fourth Street, Suite 1600
Las Vegas, NV 89101-6019
Phone: 702.408.3400 Fax: 702.408.3401

for protection under Fed. R. Civ. P. 26(c). The identification of types of documents in this Order shall not be an admission by either party that such documents are relevant or admissible in this Action.

2.3.    Counsel (without qualifier): Outside Counsel of Record (as well as their support staff).

2.4.    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.5.    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6.    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.7.    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means. Such information includes, without limitation: (a) highly sensitive information relating to the development of the products at issue; (b) pending patent, trademark, and copyright applications, foreign or domestic, unless published or otherwise publicly available; (c) current or future financial documents, including P&L statements, business strategy, projected future sales, pricing, customer or vendor agreements, and revenue, cost, and profit information; (d) sensitive marketing plans, forecasts, or financial information related to the products at issue; (e) information revealing identities of present or prospective customers or distributors, or personal

Spencer Fane LLP
300 South Fourth Street, Suite 1600
Las Vegas, NV 89101-6019
Phone: 702.408.3400 Fax: 702.408.3401

- 3 -

information of employees; and (f) any other information that the Producing Party in good faith believes could cause irreparable harm to its business if disclosed to receiving-party personnel.

2.8.   Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9.   Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10.   Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11.   Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12.   Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13.   Protected Material or Protected Information: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Protected Material or Protected information shall include all information that the designating party believes constitutes, discloses, or relates to proprietary business information, processes, operations, research, technical or developmental information, production, marketing, sales, shipments, or other proprietary data or information of commercial value not generally available to the public, including, but not limited to, trade secrets.  The information contained therein and all copies, abstracts, excerpts, analyses, or other writings that contain, reflect, reveal, suggest, or otherwise disclose such Protected Information shall also be deemed Protected Material or Protected Information. Each party shall act in good faith in designating information as Protected Information.

2.14.   Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

Spencer Fane LLP
300 South Fourth Street, Suite 1600
Las Vegas, NV 89101-6019
Phone: 702.408.3400 Fax: 702.408.3401

2.15.    Open AI Systems: any artificial intelligence, machine learning, large language model, generative AI, or similar system that may retain, share, or use submitted data or derived information to train or improve models outside this litigation or make that data accessible beyond persons authorized by this Order.

2.16.    Closed AI Systems: any non-public artificial intelligence, machine learning, large language model, generative AI, or similar system used in a secure, controlled environment that does not use submitted data or derived information to train or improve models outside this action, does not permit access beyond persons authorized by this order, and permits deletion of submitted and derived data at the end of this litigation.

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

Spencer Fane LLP
300 South Fourth Street, Suite 1600
Las Vegas, NV 89101-6019
Phone: 702.408.3400 Fax: 702.408.3401

including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.   DESIGNATING PROTECTED MATERIAL

5.1.   Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routine designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation

5.2.   Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected

Spencer Fane LLP
300 South Fourth Street, Suite 1600
Las Vegas, NV 89101-6019
Phone: 702.408.3400 Fax: 702.408.3401

portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this stipulated protective order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Spencer Fane LLP
300 South Fourth Street, Suite 1600
Las Vegas, NV 89101-6019
Phone: 702.408.3400 Fax: 702.408.3401

- 7 -

Spencer Fane LLP
300 South Fourth Street, Suite 1600
Las Vegas, NV 89101-6019
Phone: 702.408.3400 Fax: 702.408.3401

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3.    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this Order. Upon notice of a corrected designation, the Receiving Party shall: (a) make no further disclosure of such material except as permitted under this Order; (b) within four (4) business days of receiving notice, take reasonable steps to notify all

Spencer Fane LLP
300 South Fourth Street, Suite 1600
Las Vegas, NV 89101-6019
Phone: 702.408.3400 Fax: 702.408.3401

persons known to be in possession of such material and alert them to the corrected designation; and (c) promptly retrieve or destroy copies of such material in the possession of any person not authorized to receive it at the corrected designation level. The Producing Party shall promptly provide properly marked replacement documents. No showing of error, inadvertence, or excusable neglect shall be required as a condition of re-designation.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1.    Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2.    Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3.    Judicial Intervention. If the Parties are unable to resolve a challenge to a confidentiality designation through the meet-and-confer process required by this Order and LR IA 1-3(f), any request for judicial intervention concerning the designation of material or the

application of this Order shall be made only in compliance with Judge Couvillier's Standing Order, the Federal Rules of Civil Procedure, and the Local Rules of this Court. Nothing in this Order authorizes a party to seek judicial intervention regarding a confidentiality designation dispute except in accordance with that Standing Order or further order of the Court. Until the dispute is resolved by agreement of the Parties or by the Court, the challenged material shall continue to be treated according to the designation assigned by the Designating Party.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1.    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner[1] that ensures that access is limited to the persons authorized under this Order. The Receiving Party shall use the same standard of due and proper care with respect to the storage, custody, use, and dissemination of Protected Material as it accords to its own proprietary information of a similar nature.

7.2.    Data Security. Each person in possession of Confidential or Highly Confidential information shall maintain an information security program providing reasonable administrative, technical, and physical safeguards designed to (a) protect the security and confidentiality of such information; (b) protect against any anticipated threats or hazards to the security or integrity of such information; and (c) protect against unauthorized access to or use of such information. If a Receiving Party discovers any loss of Protected Material or any breach of security, including any actual or suspected unauthorized access, relating to another Party's Protected Material, the

---

[1] It may be appropriate under certain circumstances to require the Receiving Party to store any electronic Protected Material in password-protected form.

Spencer Fane LLP
300 South Fourth Street, Suite 1600
Las Vegas, NV 89101-6019
Phone: 702.408.3400 Fax: 702.408.3401

Receiving Party shall: (i) provide prompt written notice to the Producing Party; (ii) investigate and make reasonable remediation of the effects of the breach and provide assurances reasonably satisfactory to the Producing Party that such breach will not recur; and (iii) provide the Producing Party with sufficient information to allow the Producing Party to reasonably determine the size and scope of the breach. The Receiving Party further agrees to cooperate with the Producing Party or law enforcement in investigating any such security incident.

   7.3. Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

   (a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

   (b) the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for prosecuting, defending, or attempting to settle this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

   (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for prosecuting, defending, or attempting to settle this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

   (d) the court and its personnel;

   (e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

   (f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), **unless otherwise agreed by the Designating Party or ordered by the court**. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be

Spencer Fane LLP
300 South Fourth Street, Suite 1600
Las Vegas, NV 89101-6019
Phone: 702.408.3400 Fax: 702.408.3401

- 11 -

separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.4.    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for prosecuting, defending, or attempting to settle this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a), below, have been followed;

(c) the court and its personnel;

(d) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(e) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.5.    Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Experts.

(a) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) first must make a written request to the designating party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information

Spencer Fane LLP
300 South Fourth Street, Suite 1600
Las Vegas, NV 89101-6019
Phone: 702.408.3400 Fax: 702.408.3401

Spencer Fane LLP
300 South Fourth Street, Suite 1600
Las Vegas, NV 89101-6019
Phone: 702.408.3400 Fax: 702.408.3401

that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the Expert has provided professional services, including in connection with a litigation, at any time during the preceding five years, [2] and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years. [3]

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within seven (7) days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) If the Parties are unable to resolve an objection through good-faith meet-and-confer efforts, any request for judicial intervention shall proceed in accordance with Judge Couvillier's Standing Order, the Federal Rules of Civil Procedure, and applicable Local Rules. Unless the Designating Party consents in writing or the Court orders otherwise, the Receiving Party shall not disclose the subject "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material to the proposed Expert pending the resolution of the objection.

Outside Counsel of Record shall maintain copies of all signed Acknowledgment and Agreement to Be Bound forms obtained pursuant to this Order.

---

[2] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

[3] It may be appropriate in certain circumstances to restrict the Expert from undertaking certain limited work prior to the termination of the litigation that could foreseeably result in an improper use of the Designating Party's "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information.

8.  PROSECUTION BAR

Absent written consent from the Producing Party, any individual who receives access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information shall not be involved in the prosecution of patents or patent applications relating to exogenous ketone compositions, including beta-hydroxybutyrate (BHB) formulations, ketone salts, ketone ester formulations, nutritional supplement compositions containing BHB, and methods of manufacturing or using the foregoing, including without limitation the patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office"). For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims.[4] To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination or *inter partes* reexamination). This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information is first received by the affected individual and shall end two (2) years after final termination of this action. For the avoidance of doubt, the restrictions in this Section apply only to individuals who have received access to HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information, and not to the firms or organizations by which they are employed, nor to individuals who received access solely in their capacity as clerical staff.

9.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a) promptly notify in writing the Designating Party, within seven (7) days of receiving

---

[4] Prosecution includes, for example, original prosecution, reissue and reexamination proceedings.

Spencer Fane LLP
300 South Fourth Street, Suite 1600
Las Vegas, NV 89101-6019
Phone: 702.408.3400 Fax: 702.408.3401

Spencer Fane LLP
300 South Fourth Street, Suite 1600
Las Vegas, NV 89101-6019
Phone: 702.408.3400 Fax: 702.408.3401

such subpoena or court order. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.[5]

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court

10. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a)    The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

---

[5] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

1.  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.  promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.  make the information requested available for inspection by the Non-Party.

(c)    If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.[6] Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

11. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

12. INADVERTENT PRODUCTION OF PRIVILEGED OR PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Party are those set forth in Fed. R. Civ. P. 26(b)(5)(B). This provision is not intended

---

[6] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

Spencer Fane LLP
300 South Fourth Street, Suite 1600
Las Vegas, NV 89101-6019
Phone: 702.408.3400 Fax: 702.408.3401

to modify any procedure established in an e-discovery order that provides for production without prior privilege review. Pursuant to Fed. R. Evid. 502(d) and (e), the production of privileged or protected material in this Action shall not constitute a waiver of any applicable privilege or protection. Upon written notice from the Producing Party asserting privilege or protection, the Receiving Party shall comply with Fed. R. Civ. P. 26(b)(5)(B) and shall not copy, disseminate, or disclose the substance of such material. If the Receiving Party disputes the assertion of privilege or protection, the Parties shall meet and confer in good faith. If the dispute cannot be resolved, either Party may seek relief from the Court in accordance with Judge Couvillier's Standing Order, the Federal Rules of Civil Procedure, and applicable Local Rules.

Fed. R. Evid. 502(b)(2) is inapplicable under this Order.

Nothing in this Order shall be construed to require production of Protected Material that counsel possessing it deems privileged or otherwise protected from discovery.

13. MISCELLANEOUS

13.1.    Right to further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

13.2.    Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3.    Export Control. Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.

13.4.    Filing Protected Material. A Party that seeks to file material designated under this Order shall comply with LR IA 10-5, Fed. R. Civ. P. 5.2, and all other applicable law governing requests to seal judicial records. The designation of material as "CONFIDENTIAL" or "HIGHLY

Spencer Fane LLP
300 South Fourth Street, Suite 1600
Las Vegas, NV 89101-6019
Phone: 702.408.3400 Fax: 702.408.3401

- 17 -

CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall not, by itself, establish that the material may be filed under seal. Any request to seal must satisfy the applicable substantive standards governing sealed filings, including *Kamakana v. City & Cnty. of Honolulu,* 447 F.3d 1172 (9th Cir. 2006) and its progeny. If a Receiving Party seeks to file material designated by another Party, the Receiving Party shall provide reasonable notice to the Designating Party so that the Designating Party may determine whether it wishes to seek sealing or other appropriate relief. Nothing in this Order shall be construed as requiring the Court to seal any document or as relieving any Party of its burden to justify sealing under applicable law.

13.5.    Use of Artificial Intelligence. The Parties acknowledge that the use of artificial intelligence tools may be appropriate in connection with the review, analysis, organization, or processing of discovery materials. Absent written consent of the Producing Party or further order of the Court, any material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," including material containing personal identifying information, trade secrets, proprietary technical information, or other sensitive nonpublic information, may be processed only through a Closed AI System and shall not be uploaded to, disclosed to, or process by any Open AI System. Any Party using AI Tools in connection with discovery shall take reasonable measures to ensure the confidentiality, security, and non-retention of protected information consistent with this Order.

14. FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any

Spencer Fane LLP
300 South Fourth Street, Suite 1600
Las Vegas, NV 89101-6019
Phone: 702.408.3400 Fax: 702.408.3401

Spencer Fane LLP
300 South Fourth Street, Suite 1600
Las Vegas, NV 89101-6019
Phone: 702.408.3400 Fax: 702.408.3401

of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. The Parties are also not required to return or destroy production documents or things that were admitted into evidence at trial or hearing, incorporated into documents filed with or submitted to the Court, or incorporated into an expert report. Any retained copies that contain Protected Material remain subject to this Order. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

15. ENFORCEMENT AND SURVIVAL.

Upon an actual or threatened breach of this Order, each non-breaching Party or Producing Non-Party may seek any remedy available at law or in equity, including specific enforcement without posting bond and a temporary restraining order or injunction. In the event of a breach or threatened breach, the breaching Party is not entitled to any presumption that money damages or other legal remedies are sufficient. The provisions of this Order shall survive and remain in full force and effect after the termination of this Action, including any appeals. The Court retains jurisdiction after final termination of this Action to enforce this Order and to make amendments, modifications, deletions, and additions as appropriate. This Order may be amended by written agreement of the Parties, subject to Court approval. Each person or entity receiving Protected Material agrees to submit to the jurisdiction of this Court for proceedings relating to performance under, compliance with, or violation of this Order.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: 6-24-26

_____
United States District/Magistrate Judge

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED this 18th day of June 2026   Respectfully submitted,

| WORKMAN NYDEGGER | HUSCH BLACKWELL LLP |
|---|---|
| /s/ Brian N. Platt<br>BRIAN N. PLATT (*pro hac vice*)<br>COLLIN D. HANSEN (*pro hac vice*)<br>60 East South Temple Suite 1000<br>Salt Lake City, UT 84111 | /s/*Matthew M. Kamps (with permission)*<br>JEFFER ALI, ESQ. (*Pro Hac Vice*)<br>Minnesota Bar No. 0247947<br>80 S. Eighth Street, Suite 4800<br>Minneapolis, MN 55402 |
| **SPENCER FANE LLP**<br>JESSICA M. LUJAN, ESQ. (NBN 14913)<br>300 South Fourth Street, Suite 1600<br>Las Vegas, Nevada 89101<br><br>*Attorneys for Plaintiff* | MATTHEW M. KAMPS, ESQ. (*Pro Hac Vice*)<br>Illinois Bar No. 6313183<br>120 South Riverside Plaza, Suite 2200<br>Chicago, IL 60606<br><br>**SHEA LARSEN PC**<br>JAMES PATRICK SHEA, ESQ.<br>Nevada Bar No. 405<br>BART K. LARSEN, ESQ.<br>Nevada Bar No. 8538<br>KYLE M. WYANT, ESQ.<br>Nevada Bar No. 14652<br>1731 Village Center Circle, Suite 150<br>Las Vegas, Nevada 89134<br><br>*Attorneys for Defendant* |

Spencer Fane LLP
300 South Fourth Street, Suite 1600
Las Vegas, NV 89101-6019
Phone: 702.408.3400 Fax: 702.408.3401

Spencer Fane LLP
300 South Fourth Street, Suite 1600
Las Vegas, NV 89101-6019
Phone: 702.408.3400 Fax: 702.408.3401

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the District of Nevada on [**date**] in the case of Axcess Global Sciences, LLC, v. Hard Eight Nutrition, LLC, Case No.: 2:25-cv-00942. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Nevada for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my Nevada agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
        [printed name]

Signature: _____

- 21 -